UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL SALCIDO, CDCR #J-81054,<br><br>Plaintiff,<br><br>vs.<br><br>WARDEN PARAMO; CHIEF MEDICAL OFFICER; PUGA; C/O SANCHEZ; UNITED RENTALS ATV; SGT. ALVAREZ; CDCR APPEALS COORDINATOR; C/O CRAWFORD,<br><br>Defendants. | Case No.: 3:19-cv-01420-LAB-JLB<br><br>**ORDER SUA SPONTE DISMISSING CLAIMS AND DEFENDANTS PURSUANT TO 28 U.S.C. § 1915(e)(2)(B)(ii) AND § 1915A(b)(1)** |

**I.    Procedural** History

Paul Salcido ("Plaintiff"), a prisoner currently incarcerated at the California Medical Facility ("CMF") located in Vacaville, California, and proceeding pro se, initially filed a civil rights complaint ("Compl.") pursuant to 42 U.S.C. § 1983 in the Eastern District of California. On July 29, 2019, United States Magistrate Judge Stanley A. Boone determined that the events giving rise to the claims found in Plaintiff's Complaint occurred when he was previously housed at the Richard J. Donovan Correctional Facility ("RJD") and

transferred the entire action to the Southern District of California. (ECF No. 2.)

Plaintiff did not prepay the filing fee required by 28 U.S.C. § 1914(a) to commence a civil action at the time he filed his Complaint; instead, he later filed a Motion to Proceed In Forma Pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a). (*See* ECF No. 6.)

On August 28, 2019, this Court GRANTED Plaintiff's Motion to Proceed IFP and simultaneously DISMISSED his Complaint for failing to state a claim upon which relief could be granted pursuant to 28 U.S.C. §§ 1915(e)(2) & 1915A. (*See* ECF No. 7 at 8-9.) Plaintiff was granted leave to file an amended pleading in order to correct the deficiencies of pleading identified in the Court's Order. (*See id.*) Plaintiff was cautioned that "[d]efendants not named and any claim not re-alleged in his Amended Complaint will be considered waived." (*Id.* citing *See* S.D. Cal. CivLR 15.1; *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended pleading supersedes the original."); *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (noting that claims dismissed with leave to amend which are not re-alleged in an amended pleading may be "considered waived if not repled.").)

On January 7, 2020, Plaintiff filed his First Amended Complaint ("FAC"). However, he no longer names Defendant Chief Medical Officer in his FAC. Thus, the claims against this Defendant are deemed waived.

**II. Screening Pursuant to 28 U.S.C. § 1915(e)(2)(B) & 1915A**

A. <u>Standard of Review</u>

As the Court previously informed Plaintiff, because he is a prisoner and is proceeding IFP, his FAC requires a pre-answer screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b). Under these statutes, the Court must sua sponte dismiss a prisoner's IFP complaint, or any portion of it, which is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune. *See Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (discussing 28 U.S.C. § 1915(e)(2)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing 28 U.S.C. § 1915A(b)). "The purpose of [screening] is 'to ensure that the targets of frivolous or malicious suits need not

2

3:19-cv-01420-LAB-JLB

bear the expense of responding.'" *Nordstrom v. Ryan*, 762 F.3d 903, 920 n.1 (9th Cir. 2014) (quoting *Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680, 681 (7th Cir. 2012)).

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (noting that screening pursuant to § 1915A "incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)"). Rule 12(b)(6) requires a complaint to "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted).

Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. "Determining whether a complaint states a plausible claim for relief [is] ... a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* The "mere possibility of misconduct" or "unadorned, the defendant-unlawfully-harmed me accusation[s]" fall short of meeting this plausibility standard. *Id.*; *see also Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).

B. 42 U.S.C. § 1983

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Naffe v. Frye*, 789 F.3d 1030, 1035-36 (9th Cir. 2015).

C. Plaintiff's Factual Allegations

On June 17, 2017, Defendant Sanchez instructed Plaintiff, along with another inmate, to "ride in the back bed area of an ATV utility vehicle." (FAC at 4.) Plaintiff claims Sanchez told him to "hold on because inmates aren't supposed to ride back there."

(*Id.*) Plaintiff, as well as the other inmate, were thrown from the vehicle as Sanchez was driving the vehicle at approximately thirty miles per hour which Plaintiff contends was a "reckless operation of ATV." (*Id.*) Plaintiff "tumbled several times, ultimately coming to a stop on [his] right side/back area." (*Id.*) Sanchez stopped the ATV and asked Plaintiff "are you ok?" (*Id.*) Sanchez also told Plaintiff "don't move, we'll get you some help." (*Id.*) However, Defendant Crawford purportedly "instructed" other inmates to "lift [Plaintiff] up and carry [him] to TTA." (*Id.*)

During the examination, it was noted that Plaintiff had "bruising and discoloration" on his "right, upper rib area," as well as his lower back. (*Id.*) Plaintiff was given "morphine for the pain and taken into x-ray." (*Id.*) Later, Plaintiff was released and told to "take it easy and try to rest and that [he] would be given something for the pain." (*Id.*) Approximately forty five minutes later, Defendant Alvarez opened Plaintiff's cell door and "asked [him] how [he] was feeling." (*Id.*) Plaintiff told him that he was "in a great deal of pain" and Alvarez told him to "get some rest." (*Id.*) Alvarez also informed Plaintiff that he would "send [Plaintiff's] time card over" so Plaintiff could "sign it to get paid." (*Id.*) However, that did not happen and Plaintiff is unable to work "due to the extent of [his] injuries." (*Id.*)

Plaintiff seeks injunctive relief, compensatory damages in the amount of $3,000,000, punitive damages in the amount of $3,500,00 and other damages including "lost wages (including workman's compensation) [and] medical bills." (*Id.* at 11.)

C. <u>Defendants Paramo and Puga</u>

Plaintiff alleges Defendant Paramo is "responsible for the custody, treatment, training . . . of all inmates under his charge." (*Id.* at 6.) Plaintiff also alleges Defendant Puga should be held liable for his "supervisory authority over inmates" at RJD but alleges no facts against this Defendant in this body of his FAC. (*Id.* at 2.) To the extent that Plaintiff names either Warden Paramo or Puga as a Defendant and seeks to hold them liable in their supervisory capacity, he has failed to allege facts sufficient to state a claim against these Defendants. While RJD's Warden Paramo or Puga may be subject to suit under

§ 1983, Plaintiff fails to include "further factual enhancement" to describes when, how, or to what extent, Defendants Paramo or Puga personally caused him any injury. *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 557). There is no respondeat superior liability under 42 U.S.C. § 1983. *Palmer v. Sanderson*, 9 F.3d 1433, 1437-38 (9th Cir. 1993). "Because vicarious liability is inapplicable to ... § 1983 suits, [Plaintiff] must plead that each government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 at 676; *see also Jones v. Community Redevelopment Agency of City of Los Angeles*, 733 F.2d 646, 649 (9th Cir. 1984) (even pro se plaintiff must "allege with at least some degree of particularity overt acts which defendants engaged in" in order to state a claim).

Therefore, because Plaintiff fails to state a claim upon which § 1983 relief can be granted as to either Warden Paramo or Puga, they must be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1). *See Lopez,* 203 F.3d at 1126-27; *Rhodes,* 621 F.3d at 1004.

### D. Sergeant Alvarez

Plaintiff also seeks to hold Alvarez liable in his supervisory capacity but he also seeks to hold Alvarez liable for alleged "due process" violations by failing to compensate him for his lost wages. (FAC at 4, 7.) For the same reasons as set forth above as to Defendants Paramo and Puga, the supervisory claims against Defendant Alvarez also fail.

In addition, Plaintiff has failed to state a claim relating to his "lost wages" against Alvarez. The Ninth Circuit has consistently held that "the Due Process Clause of the Fourteenth Amendment 'does not create a property or liberty interest in prison employment.'" *Walker v. Gomez*, 370 F.3d 969, 973 (9th Cir. 2004) (quoting *Ingram v. Papalia*, 804 F.2d 595, 596 (10th Cir. 1986), and citing *Baumann v. Arizona Dep't of Corrections*, 754 F.2d 841, 846 (9th Cir. 1985)); *see also Vignolo v. Miller*, 120 F.3d 1075, 1077 (9th Cir. 1997); *Toussaint v. McCarthy*, 801 F.2d 1080, 1094-95 (9th Cir. 1986); *Rizzo v. Dawson*, 778 F.2d 527, 531 (9th Cir. 1985); *see also Hrbek v. Farrier*, 787 F.2d 414, 416 (8th Cir. 1986) ("There is no constitutional right to prison wages and any such

compensation is by the grace of the state."). Plaintiff is unable to demonstrate either a liberty or property interest in his prison employment arising directly under the Fourteenth Amendment.

Therefore, because Plaintiff fails to state a claim upon which § 1983 relief can be granted as to Alvarez, he must be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1). *See Lopez,* 203 F.3d at 1126-27; *Rhodes,* 621 F.3d at 1004.

### E. United Rentals ATV

Plaintiff names this Defendant as the entity that "provid[ed] the vehicle that was faulty/unsafe," *see* FAC at 2, but he has not alleged any facts to show this Defendant is a "person acting under color of state law." *See West*; 487 U.S. at 48; *Sutton v. Providence St. Joseph Med. Ctr.*, 192 F.3d 826, 835 (9th Cir. 1999) (party charged with constitutional deprivation under § 1983 must be a person who may fairly be said to be a governmental actor) (citation and quotations omitted). Private parties, entities, business organizations, or institutions do not generally act under color of state law. *See Price v. Hawai'i*, 939 F.2d 702, 707-08 (9th Cir. 1991). In fact, section "1983 excludes from its reach merely private conduct, no matter how discriminatory or wrong." *Sutton*, 193 F.3d at 835 (citing *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999) (citation and internal quotation marks omitted)); *see also Ouzts v. Md. Nat'l Ins. Co.*, 505 F.2d 547, 551 (9th Cir. 1974) ("[P]urely private conduct, no matter how wrongful, is not within the protective orbit of section 1983."); *accord Skylstad v. Reynolds*, 248 Fed. App'x 808, 810 (9th Cir. 2007).

Therefore, because Plaintiff fails to state a claim upon which § 1983 relief can be granted as to United Rentals ATV, this Defendant must be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1). *See Lopez,* 203 F.3d at 1126-27; *Rhodes,* 621 F.3d at 1004.

### F. CDCR Appeals Director

Plaintiff alleges that Defendant "Appeals Director for CDCR" should be held liable for "engaging in abuse of discretion by refusing to properly address" the reasons for denying Plaintiff's grievance at the "Director's Level Review." (FAC at 2.) However,

6

3:19-cv-01420-LAB-JLB

these allegations without more are insufficient to support any claim for relief under § 1983. *Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003) (prisoners do not have a "separate constitutional entitlement to a specific prison grievance procedure.") (citation omitted); *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988) (due process not violated simply because defendant fails properly to process grievances submitted for consideration); *see also Todd v. California Department of Corrections and Rehabilitation*, 615 Fed. Appx. 415, 415 (9th Cir. 2015) (district court properly dismissed claim based on improper "processing and handling of [...] prison grievances," since prisoners have no "constitutional entitlement to a specific prison grievance procedure") (citing *Ramirez*, 334 F.3d at 860) (quotation marks omitted); *Shallowhorn v. Molina*, 572 Fed. Appx. 545, 547 (9th Cir. 2014) (district court properly dismissed § 1983 claims against defendants who "were only involved in the appeals process") (citing *Ramirez*, 334 F.3d at 860). Simply "'[r]uling against a prisoner on an administrative complaint does not cause or contribute to the violation.'" *Ellington v. Clark*, 2010 WL 3001427, at *2 (E.D. Cal. Jul. 29, 2010) (quoting *George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007)).

Therefore, because Plaintiff fails to state a claim upon which § 1983 relief can be granted as to the CDCR Appeals Director, this Defendant must be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1). *See Lopez,* 203 F.3d at 1126-27; *Rhodes,* 621 F.3d at 1004.

### G. Remaining Claims and Defendant

As to Plaintiff's remaining claims against Defendants Sanchez and Crawford, however, the Court finds Plaintiff's FAC contains Eighth Amendment allegations sufficient to survive the "low threshold" for proceeding past the sua sponte screening required by 28 U.S.C. §§ 1915(e)(2) and 1915A(b). *See Wilhelm,* 680 F.3d at 1123; *Farmer v. Brennan*, 511 U.S. 825, 837 (1994) (failure to protect claims under the Eighth Amendment require a showing that "the official [knew] of and disregard[ed] an excessive risk to inmate health or safety.").

7

3:19-cv-01420-LAB-JLB

H. Leave to Amend

Because the Court has determined that some of Plaintiff's claims survive the sua sponte screening process, the Court will give Plaintiff the opportunity to either: (1) notify the Court of the intent to proceed with his Eighth Amendment claims against Sanchez and Crawford only; or (2) file an amended pleading correcting all the deficiencies of pleading identified by the Court in this Order. Plaintiff must choose one of these options within forty-five (45) days from the date this Order is filed. If Plaintiff chooses to proceed as to his claims against Sanchez and Crawford only, the Court will issue an Order directing the U.S. Marshal to effect service of his FAC and dismiss the remaining claims and defendants.

**III. Conclusion and Order**

Good cause appearing, **IT IS HEREBY ORDERED** that:

1. The Court **DISMISSES** all claims against Defendant Chief Medical Officer as these claims are deemed waived. *See Lacey*, 693 F.3d at 928.

2. The Court **DISMISSES** all claims against Defendants Warden Paramo, Puga, Alvarez, United Rentals ATV, and CDCR Appeals Director for failing to state a claim pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b).

3. The Court **GRANTS** Plaintiff forty-five (45) days leave from the date of this Order in which to either: (1) Notify the Court of the intention to proceed with the claims against Sanchez and Crawford only; or (2) File an Amended Complaint which cures all the deficiencies of pleading noted. Plaintiff's Amended Complaint must be complete in itself without reference to his original pleading. Defendants not named and any claims not re-alleged in the Amended Complaint will be considered waived. *See* S.D. CAL. CIVLR 15.1; *Hal Roach Studios, Inc.*, 896 F.2d at 1546; *Lacey*, 693 F.3d at 928.

4. The Court **DIRECTS** the Clerk of the Court to provide Plaintiff with a blank copy of its form complaint under the Civil Rights Act, 42 U.S.C. § 1983.

**IT IS SO ORDERED**.
Dated: January 29, 2020

HON. LARRY ALAN BURNS, CHIEF JUDGE
United States District Court