UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL SALCIDO, CDCR #J-81054,<br><br>Plaintiff,<br><br>vs.<br><br>WARDEN PARAMO; CHIEF MEDICAL OFFICER; PUGA; C/O SANCHEZ; UNITED RENTALS ATV; SGT. ALVAREZ; CDCR APPEALS COORDINATOR; C/O CRAWFORD,<br><br>Defendants. | Case No.: 3:19-cv-01420-LAB-JLB<br><br>**ORDER DIRECTING U.S. MARSHAL TO EFFECT SERVICE OF FIRST AMENDED COMPLAINT UPON DEFENDANTS PURSUANT TO 28 U.S.C. § 1915(d) AND Fed. R. Civ. P. 4(c)(3)** |

**I.  Procedural History**

Paul Salcido ("Plaintiff"), a prisoner currently incarcerated at the California Medical Facility ("CMF") located in Vacaville, California, and proceeding pro se, initially filed a civil rights complaint ("Compl.") pursuant to 42 U.S.C. § 1983 in the Eastern District of California. On July 29, 2019, United States Magistrate Judge Stanley A. Boone determined that the events giving rise to the claims found in Plaintiff's Complaint occurred when he

was previously housed at the Richard J. Donovan Correctional Facility ("RJD") and transferred the entire action to the Southern District of California. (ECF No. 2.)

Plaintiff did not prepay the filing fee required by 28 U.S.C. § 1914(a) to commence a civil action at the time he filed his Complaint; instead, he later filed a Motion to Proceed In Forma Pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a). (*See* ECF No. 6.)

On August 28, 2019, this Court GRANTED Plaintiff's Motion to Proceed IFP and simultaneously DISMISSED his Complaint for failing to state a claim upon which relief could be granted pursuant to 28 U.S.C. §§ 1915(e)(2) & 1915A. (*See* ECF No. 7 at 8-9.) Plaintiff was granted leave to file an amended pleading in order to correct the deficiencies of pleading identified in the Court's Order. (*See id.*) Plaintiff was cautioned that "[d]efendants not named and any claim not re-alleged in his Amended Complaint will be considered waived." (*Id.* citing *See* S.D. Cal. CivLR 15.1; *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended pleading supersedes the original."); *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (noting that claims dismissed with leave to amend which are not re-alleged in an amended pleading may be "considered waived if not repled.").)

On January 7, 2020, Plaintiff filed his First Amended Complaint ("FAC"). (*See* ECF No. 11.) The Court, once again, conducted the required *sua sponte* screening and dismissed all claims against Defendants Paramo, Puga, Alvarez, United Rentals AV, and CDCR Appeals Director for failing to state a claim pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b). (*See* ECF No. 4-7.) However, the Court found that the Eighth Amendment claims as to Defendants Sanchez and Crawford survived the sua sponte screening required by 28 U.S.C. § 1915(e)(2) and § 1915A(b). (*Id.* at 7.) The Court gave Plaintiff the option of filing a Second Amended Complaint in an attempt to cure the problems the Court found in Plaintiff's pleading or proceed with his FAC as to his Eighth Amendment claims only and have the Court direct the United States Marshals Service ("USMS") to effect service upon Defendants Sanchez and Crawford. (*Id.*)

On March 10, 2020, Plaintiff filed a notice with the Court that it is his "intention to proceed with the claims against Defendants Sanchez and Crawford only." (ECF No.14 at 3.) Therefore, the Court will order the USMS to effect service of Plaintiff's Complaint on Defendants Sanchez and Crawford only. *See* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process, and perform all duties in [IFP] cases."); FED. R. CIV. P. 4(c)(3) ("[T]he court may order that service be made by a United States marshal or deputy marshal ... if the plaintiff is authorized to proceed in forma pauperis under 28 U.S.C. § 1915.").

## II.   Conclusion and Orders

For the reasons discussed, the Court:

1)   **DISMISSES** all claims against Paramo, Puga, Alvarez, United Rentals AV, and CDCR Appeals Director for the reasons set forth in the Court's January 29, 2020 Order.

2)   **DIRECTS** the Clerk to issue a summons as to Plaintiff's FAC (ECF No. 10) and forward it to Plaintiff along with a blank U.S. Marshal Form 285 for Defendants Sanchez and Crawford. In addition, the Clerk will provide Plaintiff with a certified copy of the August 28, 2019 Order granting Plaintiff IFP status, a certified copy of his FAC, and the summons so that he may serve Defendants Sanchez and Crawford. Upon receipt of this "IFP Package," Plaintiff must complete the Form 285s as completely and accurately as possible, *include an address where each named Defendant may be served*, *see* S.D. CAL. CIVLR 4.1.c, and return them to the USMS according to the instructions the Clerk provides in the letter accompanying his IFP package;

3)   **ORDERS** the USMS to serve a copy of the Complaint and summons upon Defendants Sanchez and Crawford as directed by Plaintiff on the USM Form 285 provided to him. All costs of that service will be advanced by the United States. *See* 28 U.S.C. § 1915(d); FED. R. CIV. P. 4(c)(3); and

4)   **ORDERS** Plaintiff, after service has been effected by the U.S. Marshal, to serve upon Defendants or, if appearance has been entered by counsel, upon Defendants' counsel, a copy of every further pleading, motion, or other document submitted for the

| | |
|---|---|
| 1 | Court's consideration pursuant to Fed. R. Civ. P. 5(b). Plaintiff must include with every |
| 2 | original document he seeks to file with the Clerk of the Court, a certificate stating the |
| 3 | manner in which a true and correct copy of that document has been was served on |
| 4 | Defendants or Defendants' counsel, and the date of that service. *See* S.D. Cal. CivLR 5.2. |
| 5 | Any document received by the Court which has not been properly filed with the Clerk, or |
| 6 | which fails to include a Certificate of Service upon the Defendant, may be disregarded. |
| 7 | **IT IS SO ORDERED**. |
| 8 | Dated: April 6, 2020 |
| 9 | *[signature]* Hon. Larry Alan Burns, Chief Judge |
| 10 | United States District Court |