UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL SALCIDO, CDCR #J-81054,<br><br>Plaintiff,<br><br>v.<br><br>WARDEN PARAMO; CHIEF MEDICAL OFFICER; PUGA; C/O SANCHEZ; UNITED RENTALS ATV; SGT. ALVAREZ; CDCR APPEALS COORDINATOR; C/O CRAWFORD,<br><br>Defendants. | Case No.:  19CV1420-LAB(DEB)<br><br>**ORDER FOLLOWING DISCOVERY CONFERENCE; DENYING PLAINTIFF'S MOTION TO QUASH AND/OR MODIFY SUBPOENA [DKT. NO. 46]; AND RESETTING MANDATORY SETTLEMENT CONFERENCE** |

On May 27, 2021, the Court held Discovery Conference with Plaintiff Paul Salcido and defense counsel Lisa Freund. After conferring with the parties, the Court orders:

1. Plaintiff's Motion to Quash and/or Modify Defendant's Subpoena of Plaintiff's Privileged Medical Records is denied as moot and without prejudice based on his oral request to withdraw the Motion. Dkt. No. 46. Defendants must provide Plaintiff with a full and complete copy of all medical records received in response to their subpoenas on or before **June 11, 2021**.

2. The Mandatory Settlement Conference on June 21, 2021 is continued to **July 14, 2021** at **1:30 p.m.** Defense counsel must coordinate Plaintiff's appearance with

1

California Medical Facility.

3. The purpose of the MSC is to permit an informal discussion between the attorneys, parties, and the Magistrate Judge of every aspect of the lawsuit in an effort to achieve an early resolution of the case. Counsel and Plaintiff are expected to have a command of the facts and applicable law; be prepared to engage in a detailed discussion of the merits of their respective cases; and engage in good faith settlement discussions. ***All discussions during the MSC are informal, off the record, privileged and confidential.***

4. **<u>Full Settlement Authority Is Required:</u>** Pursuant to Local Rule 16.3.b., all parties, party representatives, including claims adjusters for insured parties, and the principal attorney(s) responsible for the litigation must participate in the MSC.[1] This appearance must be made with full and unlimited authority to negotiate and enter into a binding settlement.[2] The purpose of this requirement is to have representatives present who can settle the case during the course of the conference without consulting a superior.

Defendants may be excused from this requirement so long as the defense counsel (1) has primary responsibility for handling the case; and (2) may negotiate settlement offers that the attorney is willing to recommend to the government official having ultimate settlement authority.

---

[1] The attendance requirement includes parties that are indemnified by others. Any deviation from this Order requires prior Court approval.

[2] Full authority to settle means that the individuals at the MSC are authorized to fully explore settlement options and to agree at that time to any settlement terms acceptable to the parties. *Heileman Brewing Co., Inc. v. Joseph Oat Corp.*, 871 F.2d 648, 653 (7th Cir. 1989). The person needs to have "unfettered discretion and authority" to change the settlement position of a party. *Pitman v. Brinker Int'l, Inc.*, 216 F.R.D. 481, 485-486 (D. Ariz. 2003). One of the purposes of requiring a person with unlimited settlement authority to attend the conference is that the person's view of the case may be altered during the face-to-face conference. *Pitman*, 216 F.R.D. at 486. Limited or sum certain authority is not adequate. *Nick v. Morgan's Foods, Inc.*, 270 F.3d 590, 595-597 (8th Cir. 2001).

6. **Procedure for Zoom Videoconference Appearance:** Although the Court typically requires personal attendance of all participants, due to the COVID-19 public emergency, the Court will use its Zoom video conferencing account to hold the MSC. Each participant should plan to join the Zoom video conference *at least five minutes before* the start of the MSC to ensure that the conference begins on time.

Zoom's functionalities will allow the Court to conduct the MSC as it ordinarily would conduct an in-person one. The Court will divide participants into separate, confidential sessions, which Zoom calls Breakout Rooms.[3] In a Breakout Room, the Court will be able to communicate with participants from a single party in confidence. Breakout Rooms will also allow parties and counsel to communicate confidentially outside the presence of the Court.

All participants shall display the same level of professionalism during the MSC and be prepared to devote their full attention to the MSC as if they were attending in person (e.g., not be driving while speaking to the Court, or otherwise distracted). Because Zoom may quickly deplete the battery of a participant's device, each participant should ensure that their device is plugged in or that a charging cable is readily available during the video conference.

7. **Confidential MSC Statements Required:** Each party must lodge a Confidential MSC Statement on or before **July 7, 2021**. The Confidential MSC Statement may not exceed ten (10) pages excluding exhibits. All Confidential MSC Statements must include the following:

   a. the party's position on liability and damages supported by relevant facts, a discussion of the significant facts established during discovery, and legal analysis with citations to controlling legal authority. The parties are also encouraged to attach a chronology setting forth a timeline of the events at

---

[3] For more information on what to expect when participating in a Zoom Breakout Room, visit: https://support.zoom.us/hc/en-us/articles/115005769646

       issue. If submitted, the chronology should be in a chart or column format with the column headings "DATE" and "EVENT." The chronology is not counted against the page limits;

  b.  **for plaintiffs**, a specific and current settlement demand addressing all relief sought and an itemization of the damages sought, and, **for defendants**, a specific and current offer and the bases for that offer. (Note: a general statement that a party will "negotiate in good faith," "offer a nominal cash sum," or "be prepared to make a demand or offer at the conference" is not a specific demand or offer. If a specific offer or demand cannot be made at the MSC or settlement conference, state the reasons why and explain what additional information is required to make a settlement demand or offer.);

  c.  a brief description of any previous settlement negotiations or mediations; and

  d.  the names of attorney(s) and non-attorney(s) who will attend the conference, including the name(s) and title(s)/position(s) of the party/party representative(s).

**IT IS SO ORDERED.**

Dated: May 27, 2021

_____
Honorable Daniel E. Butcher
United States Magistrate Judge